UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KENNETH GAYNEAUX AND SEABRIGHT INSURANCE COMPANY | CIVIL ACTION NO. 6:13-cv-00637 |
| VERSUS | JUDGE HAIK |
| NATIONAL OILWELL VARCO, LP | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs' complaint alleges that this Court has jurisdiction over this action, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied. The undersigned finds that they have not.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the plaintiff must bear that burden. The undersigned has determined that it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional threshold, but the plaintiff has not established that the parties are diverse in citizenship.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] The complaint alleges that plaintiff Kenneth Gayneaux is a

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

resident of the state of Louisiana and that plaintiff SeaBright Insurance Company is a foreign corporation. This is insufficient to establish the citizenship of these parties.

The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[3] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[4] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[5] For that reason, the undersigned will accept that Mr. Gayneaux is a Louisiana citizen if there is no objection from the defendant.

It appears that plaintiff SeaBright is a corporation. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[6] In this case, however, no such allegations have been made with regard to SeaBright. For that reason, the undersigned cannot determine whether the parties are diverse in citizenship.

---

[3] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[4] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[5] *Hollinger*, 654 F.3d at 571.

[6] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

The complaint alleges that defendant National Oilwell Varco, LP is a foreign partnership. "For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen."[7] The complaint does not identify the defendant's partners or provide any information regarding their citizenship. This prevents the undersigned from being able to determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendant will be allowed seven days to respond to the plaintiffs' submission.

Signed at Lafayette, Louisiana, this 17th day of April 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[7] *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96; *Whalen v. Carter*, 954 F.2d 1087, 1094–95 (5th Cir. 1992). See, also, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).